## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 24-10517 PA (JCx) | Date | January 31, 2025 |
|---|---|---|---|
| Title | Mary Price v. Kaiser Foundation Health Plan Inc. | | |

Present: The Honorable    PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    IN CHAMBERS - COURT ORDER

Plaintiff Mary Price ("Price") filed this action pro se on December 6, 2024. On January 27, 2025, Price's son, William Roper ("Roper") filed a Notice pursuant to Federal Rule of Civil Procedure 25, that Price died on January 17, 2025. According to Roper's Notice, filed pro se, he is the "acting interim executor" of Price's estate and it is his intention to file a Motion for Substitution once the Probate Court appoints him as the estate's executor and to then pursue Price's claims on behalf of her estate.

In federal court, "parties may plead and conduct their own cases personally or by counsel . . . ." 28 U.S.C. § 1654. "It is well established that the privilege to represent oneself pro se provided by § 1654 is personal to the litigant and does not extend to other parties or entities." Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008). Courts adhere to a "general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity." Id. This prohibition applies to non-attorney executors, administrators, and personal representatives seeking to represent a decedent's estate. See id. at 666 (citing Jones v. Corr. Med. Servs., 401 F.3d 950, 951-52 (8th Cir. 2005) (non-attorney administrator of decedent's estate may not proceed pro se on behalf of estate); Iannaccone v. Law, 142 F.3d 553, 559 (2nd Cir. 1998) (administrator of estate may not appear pro se on behalf of estate); Pridgen v. Andresen, 113 F.3d 391, 393 (2nd Cir. 1997) (executrix may not appear pro se on behalf of estate)).

Because Roper may not pursue Price's claims on behalf of the estate pro se, the Court orders him to show cause in writing why this action should not be dismissed without prejudice. Price's response to the Order to Show Cause shall be filed by no later than March 3, 2025. A Notice of Appearance from an attorney licensed to practice law in California by that date shall be deemed a sufficient response to the Order to Show Cause. The failure to respond, or to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-10517 PA (JCx) | Date | January 31, 2025 |
|---|---|---|---|
| Title | Mary Price v. Kaiser Foundation Health Plan Inc. | | |

respond sufficiently, to the Order to Show Cause by March 3, 2025, may, without further warning, result in the dismissal of this action without prejudice.

IT IS SO ORDERED.