UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-10517 PA (JCx) | Date | March 11, 2025 |
|---|---|---|---|
| Title | Mary Price v. Kaiser Foundation Health Plan Inc. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

Plaintiff Mary Price ("Price") filed this action pro se on December 6, 2024. On January 27, 2025, Price's son, William Roper ("Roper") filed a Notice pursuant to Federal Rule of Civil Procedure 25, that Price died on January 17, 2025. According to Roper's Notice, filed pro se, he is the "acting interim executor" of Price's estate and it is his intention to file a Motion for Substitution once the Probate Court appoints him as the estate's executor and to then pursue Price's claims on behalf of her estate.

Upon receiving Roper's filing, the Court, on January 31, 2025, issued a Minute Order in which the Court explained that Roper may not purse Price's claims on behalf of the estate pro se. See Simon v. Hartford Life, Inc., 546 F.3d 661, 666 (9th Cir. 2008) (citing Jones v. Corr. Med. Servs., 401 F.3d 950, 951-52 (8th Cir. 2005) (non-attorney administrator of decedent's estate may not proceed pro se on behalf of estate); see also Iannaccone v. Law, 142 F.3d 553, 559 (2nd Cir. 1998) (administrator of estate may not appear pro se on behalf of estate); Pridgen v. Andresen, 113 F.3d 391, 393 (2nd Cir. 1997) (executrix may not appear pro se on behalf of estate)). The Court therefore ordered Roper to show cause in writing why this action should not be dismissed without prejudice. To allow Roper time to obtain counsel on behalf of the estate, or to otherwise respond to the Order to Show Cause, the Court gave Roper until March 3, 2025, to file a response, and stated that a Notice of Appearance from an attorney licensed to practice law in California by that date shall be deemed a sufficient response to the Order to Show Cause. The Court warned that the failure to respond, or to respond sufficiently, to the Order to Show Cause by March 3, 2025, may, without further warning, result in the dismissal of this action without prejudice. Despite the expiration of his deadline to do so, Roper has not responded to the Order to Show Cause and no attorney has filed a Notice of Appearance.

The Court may dismiss with prejudice an action or claim sua sponte if "the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order." See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962) (dismissal for failure to prosecute); Yourish v. Cal. Amplifier, 191 F.3d 983, 987–88 (9th Cir. 1999) (dismissal for failure to comply with court order). This inherent power supports the orderly and expeditious

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-10517 PA (JCx) | Date | March 11, 2025 |
|---|---|---|---|
| Title | Mary Price v. Kaiser Foundation Health Plan Inc. | | |

disposition of cases.  See Link, 370 U.S. at 629-30; Yourish, 191 F.3d at 987-88; Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).

In Henderson v. Duncan, the Ninth Circuit set forth five factors for a district court to consider before resorting to the penalty of dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions."  779 F.2d 1421, 1423 (9th Cir. 1986).  Dismissal is appropriate "where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal."  Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (internal citations omitted) (citing Ferdik, 963 F.2d at 1263).  Cases involving sua sponte dismissal warrant special focus on the fifth Henderson factor.  Id.

Here, an evaluation of the Henderson factors ultimately weighs in favor of the Court's decision to dismiss this action.  In assessing the first Henderson factor, the public's interest in expeditious resolution of litigation will be satisfied by a dismissal.  See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Yourish, 191 F.3d at 990 ("[t]he public's interest in expeditious resolution of litigation always favors dismissal.")).  Relatedly, with respect to the second factor, the Court's need to manage its docket will be served by dismissal.  See id.  ("The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest.").  The third Henderson factor at least marginally favors dismissal because defendants may be further prejudiced unless the complaint is dismissed.  See Yourish, 191 F.3d at 991.

Finally, in considering the fourth and fifth Henderson factors, the Court notes that Roper was warned about the consequences of failing to respond to the Order to Show Cause or obtain the services of an attorney to represent the estate.  Nevertheless, Roper and Price's estate have taken no action.  On this record, the Court finds that Roper and Price's estate have abandoned prosecution of this action, and any less drastic alternatives to dismissal would be inadequate to remedy their failure to prosecute and obey Court orders.  Because the Court has adopted the "less-drastic" sanction of dismissal without prejudice, the fifth Henderson factor favors dismissal.  See McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996) (district court should first consider less drastic alternatives to dismissal with prejudice).

The Court finds that Price's estate and Roper have abandoned their claims by failing to respond to the Order to Show Cause or otherwise prosecute this action.  The Court dismisses this action without prejudice for lack of prosecution and for failure to comply with a Court order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-10517 PA (JCx) | Date | March 11, 2025 |
|---|---|---|---|
| Title | Mary Price v. Kaiser Foundation Health Plan Inc. | | |

See Fed. R. Civ. P. 41(b); see also Yourish, 191 F.3d at 986-88; Ferdik, 963 F.2d at 1260. The Court will issue a Judgment consistent with this order.

   IT IS SO ORDERED.